# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**DENNIS EDWARDS** | Case No. 12–cr–00242–ESK<br><br>**OPINION & ORDER** |

**THIS MATTER** having come before the Court on *pro se* defendant's motions for reduction of sentence and appointment of *pro bono* counsel (Motions) (ECF Nos. 36, 37); and the Court finding that,

1. On March 25, 2023, defendant pleaded guilty to a one-count indictment charging him for conspiracy to import cocaine. (ECF Nos. 19, 21.) During the September 28, 2023 sentencing, Judge Noel L. Hillman noted, consistent with the presentence investigation report (ECF No. 24), that defendant had a criminal history category of one and an offense level of 29, which provided a Sentencing Guidelines range between 87 to 108 months imprisonment (ECF No. 33 pp. 7, 8). Judge Hillman, however, applied a two level downward variance in consideration of an anticipated amendment to the Sentencing Guidelines to create a criminal history category of zero and an offense level of 27. (*Id.* pp. 38, 39.) Defendant was sentenced to a term of 60 months of imprisonment and three years of supervised release with special conditions. (*Id.* p. 43.) While defendant appealed his sentence, the United States Court of Appeals for the Third Circuit affirmed Judge Hillman's decision. (ECF No. 35.) Defendant is currently serving his sentence at Fort Dix. (*See* ECF No. 36.)

2. On March 15, 2025, defendant filed his first motion for reduction of sentence and appointment of *pro bono* counsel.. (ECF No. 36.) On June 23, 2025, defendant filed a near identical second motion requesting the same relief. (ECF No. 37.) Defendant argues that pursuant to 18 U.S.C. 3582(c), as amended by the First Step Act, he qualifies as a "zero-point offender" and is entitled to two-level downward variance to create an offense level of 25. (ECF No. 36 p. 3.) Since "[d]efendant is indigent and unable to afford legal representation," defendant also seeks the appointment of *pro bono* counsel. (*Id.* p. 2.)

3. "The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. §3582(c)(1)(A)(i)). "[A] defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, No. 10–0434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020); *see also Raia*, 954 F.3d at 595.

4. Here, Judge Hillman already credited defendant with a two-level downward variance to reflect defendant as a zero-point offender. (*See* ECF No. 33 pp.38, 39.) While defendant indicates that his imprisonment has caused emotional and financial hardship on his family (ECF No. 36 p.3), defendant fails to satisfy his burden to demonstrate the hardship is compelling and extraordinary.

Accordingly,

**IT IS** on this **27th** day of **June 2025 ORDERED** that:

1. The aspect of the Motions seeking a reduction of sentence is **DENIED**.

2. The aspect of the Motions seeking appointment of counsel is **DENIED as moot**.

3. The Clerk of the Court is directed to terminate the Motions at ECF Nos. 36 and 37.

 */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**